**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01905-LJO-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Eric L. Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action in the Kings County Superior Court on April 13, 2013. Defendants Cate, Clark, Johnson, Obaiza and David removed the action to this Court on December 1, 2014.[1]

**A.　LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff filed a proof of service on March 11, 2015, indicating that Defendant Lopez was recently served. Defendant Macias has not been served.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California.  The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California.

At the time of the complaint, Plaintiff was a forty-nine year old Black man.  He was housed at CSP from August 16, 2005, through November 28, 2011.

On May 25, 2009, Plaintiff went to the Facility 3C clinic to complain about a reaction to a pill.  Plaintiff told Defendant David that after taking the pill, he could feel his temperature rising.  Defendant David told Plaintiff to go back to his building and drink more water.  Defendant David did not take any vital signs to confirm or deny Plaintiff's health concern.

On May 28, 2009, Plaintiff reported to Facility 3C for a medical appointment after he submitted a request for treatment. Plaintiff complained of difficulty breathing when he walked, night-time coughing, weight-loss, night-time sweating and pain in his knees. The LVN took his vital signs and then the attending FNP saw Plaintiff and asked him about his medical concerns and medical history. Plaintiff provided her with a urine sample, which was a burgundy-red color. The FNP then took Plaintiff's temperature, which was 103 degrees.

The yard physician came and did a quick examination. Plaintiff was taken to the hospital at CSP, where he was told that he was anemic. About an hour later, Plaintiff was transported to Mercy Hospital in Bakersfield.

On May 29, 2009, Plaintiff had lab work done at Mercy Hospital. He was then told that he was being transferred to Bakersfield Memorial Hospital because he required surgery for a large fluid deposit around his heart and lungs.

Plaintiff was transferred to Bakersfield Memorial on May 30, 2009. On or about June 1, 2009, Plaintiff underwent surgery. He spent two to three days in the ICU before returning to a ward.

Upon returning to a ward, Plaintiff was told that he had Valley Fever. He was hospitalized off-site until October 16, 2009. During this time, Plaintiff underwent another operation for the removal of fungus/mold from his two lower-spinal discs.

On October 16, 2009, Plaintiff was released and transferred back to the hospital at CSP, where he stayed for approximately two weeks.

On November 5, 2009, Plaintiff was released back to the same yard where he contracted Valley Fever.

Plaintiff filed a medical grievance on March 21, 2011. He received a response on May 4, 2011, in which he was denied a transfer out of the epidemic area because the medical staff believed "there was no medical indication of [Plaintiff] having Valley Fever at that time." Plaintiff's transfer was denied even though staff granted his request to be seen by a specialist to have lab work done in conjunction with his Valley Fever Treatment. ECF No. 2, at 12-13. The HDAC and CMO signed the response.

3

On information and belief, Plaintiff alleges that all Defendants were aware of the 2005 study done on CSP, Avenal and Pleasant Valley that highlighted the rise of Valley Fever cases at these prisons. He also alleges that on information and belief, all Defendants knew that Blacks and Asians were more susceptible to contracting Valley Fever.

Despite their knowledge, Defendants never provided him with protective gear, i.e., masks, to help prevent contraction as they did at Avenal State Prison and Pleasant Valley State Prison. He also alleges that the CSP Health Department was delinquent and neglectful in their responsibility to inform all susceptible inmates of the hazards associated with being Black or Filipino. Plaintiff further contends that medical or administrative staff did not implement precautionary measures, especially for susceptible inmates, at any time prior to Plaintiff's August 16, 2005, arrival.

Finally, Plaintiff contends that medical staff at CSP were negligent and delinquent in providing Plaintiff was information about the side effects he encountered related to the anti-fungal medications. He also alleges that medical staff prescribed medication that had nothing to do with Plaintiff's "presenting condition." ECF No. 2, at 12.

Based on these allegations, Plaintiff asserts that his initial placement at CSP, and his return to CSP after his hospitalization, violated his Eighth and Fourteenth Amendment rights. He contends that he was denied the right to "safe and somewhat decent conditions in prison (air quality)." ECF No. 2, at 14.

For relief, Plaintiff requests monetary damages.

C. **ANALYSIS**

1. Rule 8 and Linkage

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that

a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Although Plaintiff lists numerous Defendants, only Defendant David and two Doe Defendants[2] are included in the factual allegations. Plaintiff does not specifically include Defendants Cate, Lopez, Obaiza, Clark, Macias or Johnson in any of his factual allegations. Plaintiff cannot simply group all Defendants together and allege, generally, that they violated his rights. For example, Plaintiff states that Defendants knew of the increased risk to Black inmates, but failed to take preventative measures. Such a statement does not meet the pleading requirements. Iqbal, 556 U.S. at 678. Rather, Plaintiff must specifically link each Defendant to factual allegations demonstrating personal participation in the alleged deprivation of rights.

Plaintiff therefore fails to state a claim against Defendants Cate, Lopez, Obaiza, Clark, Macias or Johnson. He will be permitted to amend.

2. Eighth Amendment- Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

---

[2] Plaintiff alleges that the HDAC and CMO signed the May 4, 2011, denial of his medical appeal. In the list of Defendants, he identifies the HDAC and CMO as Doe 1 and Doe 2.

Here, Plaintiff describes only medical treatment provided by Defendant David. He alleges that he told Defendant David that he felt his temperature rising after taking medication, but that Defendant David sent him back to his cell and told him to drink more water without taking any vital signs. Plaintiff's allegations, however, do not suggest that Defendant David's actions rose to the level of deliberate indifference, which is more than an ordinary lack of due care or even gross negligence. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant David. He will be permitted to amend, if he can do so in good faith.

### 3. Eighth Amendment- Conditions of Confinement

The Eighth Amendment "protects prisoners ... from inhumane methods of punishment ... [and] inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Plaintiff alleges that Defendants knew that he would be more susceptible to Valley Fever, yet failed to take precautions, inform him of the risks or grant a request for transfer. This may state a claim for relief if Plaintiff can allege sufficient facts against specific Defendants, as explained above. See Samuels v. Ahlin, 2014 WL 4100684 (9th Cir. 2014). However, Plaintiff is informed that he must also plausibly allege that Defendants exhibited deliberate indifference in taking, or failing to take, the alleged actions. See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015).

6

### 4. Fourteenth Amendment

It appears that Plaintiff attempts to state a claim under the Fourteenth Amendment based on the same facts as those underlying his Eighth Amendment claims. He does not present any facts that would suggest a violation of procedural due process.

Insofar as Plaintiff cites due process generally, he is informed that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Here, Plaintiff's claims are properly analyzed under the Eighth Amendment and he has not set forth any facts to support a separate due process claim.

## D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state any claim against any Defendants.

Plaintiff will be permitted an opportunity to amend his complaint, but he should only amend if he can do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff should file her amended complaint on the complaint form provided.

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

7

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **May 14, 2015**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE