# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. BROWN, | Case No. 1:14-cv-01905-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN DEFENDANTS |
| v. | **THIRTY-DAY DEADLINE** |
| CATE, et al., | |
| Defendants. | |

Plaintiff Eric L. Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action in the Kings County Superior Court on April 13, 2013. Defendants Cate, Clark, Johnson, Obaiza and David removed the action to this Court on December 1, 2014.[1]

The Court screened the complaint on May 14, 2015, and found that it did not state any cognizable claims. Plaintiff filed his First Amended Complaint on June 12, 2015. He names Matthew Cate, R. Lopez, S. Johnson, E. Clark, LVN David and Does 1 and 2 as Defendants.

A.      **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff filed a proof of service on March 11, 2015, indicating that Defendant Lopez was recently served.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California. The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California.

Plaintiff is a Black inmate who was housed at CSP, which is located in the endemic area for Valley Fever.  Plaintiff contracted Valley Fever and has gone through two life-threatening surgeries. He alleges that his incarceration poses an unreasonable risk of danger to his future health.

Plaintiff alleges that Defendants Cate, Lopez, Johnson and Clark are responsible for his contraction of Valley Fever because they failed to notify him of the hazards of being housed at CSP.

Specifically, he contends that they knew of a 2005 study done on Avenal State Prison and Pleasant Valley State Prison, and neglected their duty to warn inmates and provide precautionary information to the inmate population at CSP.  Plaintiff was housed at CSP for six years, and he was never made aware of the hidden health dangers of Valley Fever.  Plaintiff contends that as a Black inmate, Defendants Cate, Lopez and Johnson were deliberately indifferent to his health and safety, and are responsible for his exposure to environmental conditions that caused him to contract Valley Fever.

Plaintiff alleges that on May 25, 2009, he went to the yard clinic to seek medical attention and was seen by Defendant David.  Plaintiff told Defendant David of an increase in his body temperature immediately after taking Ibuprofen, and that he had difficulty breathing when he walked.  Defendant David responded by having Plaintiff go back to his building, drink more water and to fill out a sick call slip if he wanted to be seen by a Primary Care Physician ("PCP").  Plaintiff contends that the "standard procedure of taking [his] basic vital signs" was not done.  As a result, he alleges that he had to endure pain, night sweats, coughing, discomfort when he walked and pain in his knees for three more days, until he was seen by a PCP.  Plaintiff believes that if Defendant David had performed the assessment, he would have received "the medical attention that [he] required sooner, with regard to my contraction of disseminated Valley Fever."  ECF No. 11, at 5.

Finally, Plaintiff alleges that Does 1 and 2 denied a transfer out of CSP after he returned from an outside hospital for treatment of Valley Fever.

**C.** **ANALYSIS**

1. Eighth Amendment- Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680

F.3d at 1122 (citing <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Plaintiff alleges that Defendant David was deliberately indifferent when he failed to assess his vital signs after hearing Plaintiff's complaints, and instead sent Plaintiff back to his building with instructions to drink more water.

In the prior screening order, the Court explained that Plaintiff failed to present facts to suggest that Defendant David's actions rose to the level of deliberate indifference, which is more than an ordinary lack of due care or even gross negligence.  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

In amending, Plaintiff has not set forth additional facts to support a showing of deliberate indifference.  Under Plaintiff's facts, he simply disagrees with Defendant David's suggestion to drink additional water and submit a sick call slip if he wants to see his PCP.  While Plaintiff may have wanted Defendant David to offer different treatment, his disagreement with treatment, alone, does not rise to the level of an Eighth Amendment violation.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 987 (9th Cir. 2012) (citing <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).  Plaintiff has failed to make such a showing.  Although he states that had Defendant David taken his vital signs, he would have "received the medical attention that [he] required sooner, with regard to [his] contraction of disseminated Valley Fever," this statement is vague and does not connect Defendant David's actions to a delayed diagnosis.  ECF No. 11, at 5.  <u>See</u> <u>also</u> <u>Farmer</u>, 511 U.S. 825, 844 ("prison officials who actually knew of a substantial

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if harm ultimately was not averted.").

Finally, the Court notes that Plaintiff ultimately saw the his PCP three days after the incident, presumably after following Defendant David's instructions to submit a sick call slip.  If anything, Defendant David's actions constituted negligence, which does not rise to the level of an Eighth Amendment violation.  Isolated occurrences of neglect do not support a constitutional violation. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant David.  He was previously informed of these deficiencies but has failed to correct them.

2.     Eighth Amendment- Conditions of Confinement

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008).  A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health."  Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious."  Id. (citation omitted).  "Second, the inmate must show

1    that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id.

2    (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate

3    health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

4            a.    *Incarceration at CSP*

5         Plaintiff's amendments expand upon his allegations in his original complaint, but they set

6    forth the same basic argument.  He alleges that Defendants Johnson, Cate, Lopez and Clark were

7    aware of the 2005 study performed with regard to Avenal State Prison and Pleasant Valley State

8    Prison, but they failed to warn Plaintiff of the dangers of Valley Fever when he was housed at CSP.

9    He contends that this failure denied susceptible inmates at CSP knowledge of the risks and exposed

10    him to hazardous environmental conditions.

11         In the prior screening order, the Court explained that Plaintiff needed to plausibly allege that

12    Defendants exhibited deliberate indifference in taking, or failing to take, the alleged actions.  See

13    Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015).  While the Court recognizes that the exact

14    circumstances required to state a claim under the Eighth Amendment based on Valley Fever

15    exposure are not clear, it is well settled that exposure to, and contraction of, Valley Fever while

16    housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth

17    Amendment.  In other words, the premise that the location of CSP is so inherently dangerous due to

18    the presence of Valley Fever cannot support a constitutional violation.  See Hines v. Youssef, 2015

19    WL 164215, at *4 (E.D.Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth

20    Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v.

21    Biter, 2015 WL 1830770, at *3 (E.D.Cal. 2015).  This premise is unacceptable where free citizens

22    residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition.

23    "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at

24    relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about

25    a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk

26    experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily

27    exposed to a risk society would not tolerate." Hines, at *4.

28

Moreover, even assuming that incarceration at CSP might suffice to support a constitutional claim, Plaintiff's allegations regarding Defendants' involvement remain speculative at best. Section 1983 does not permit respondeat superior, or vicarious, liability and Plaintiff's claim must be premised on Defendants' personal involvement or other specific causal connection; speculative allegations regarding knowledge, actions, and/or omissions do not suffice. Crowley, 734 F.3d at 977; Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. In fact, Plaintiff's allegations show that only Defendant Johnson had knowledge specific to CSP based on her status as "spokesperson in a 2007 article about Valley Fever and CSP-Corcoran." ECF No. 11, at 4. To demonstrate knowledge by Defendants Cate, Lopez and Clark, Plaintiff cites only the 2005 study related to *Avenal State Prison* and *Pleasant Valley State Prison*.

Rather than demonstrating deliberate indifference, Plaintiff's allegations are akin to negligence, which is not sufficient to state a claim under the Eighth Amendment. Indeed, Plaintiff alleges that Defendant Johnson was "neglectful in her duty to warn," and that Defendant Cates "through an act of negligence, had a duty to warn." He also describes Defendant Lopez's "negligence," and Defendant Clark's "duty to warn," ECF No. 11, at 4-5. A prison official's negligence is not sufficient to establish liability; the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Plaintiff was informed of these deficiencies in the prior screening order, but has failed to allege additional facts to correct them.

        b.    *Denial of Transfer*

Finally, to the extent that Plaintiff contends that Doe Defendants violated the Eighth Amendment when they denied a transfer from CSP after he underwent treatment for Valley Fever, his allegations are too vague to state a claim. His allegations do not establish that anyone "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

Plaintiff may ultimately be able to state a claim as to the denial of transfer, and he will be permitted to amend.[2]

---

[2] Upon adoption of these Findings and Recommendations, the Court will issue an order permitting Plaintiff to amend.

**D.     FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint fails to state any claim against any Defendants Johnson, Cate, Clark and Lopez, and the Court RECOMMENDS that further leave to amend be DENIED and that they be DIMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**October 27, 2015**__              _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

8