# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC L. BROWN,** | 1:14-cv-1905-LJO-MJS |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| **JOHN DOE 1 AND JOHN DOE 2,** | |
| Defendants. | |

Plaintiff Eric L. Brown, a state inmate proceeding pro se and in forma pauperis in this civil rights action under 28 U.S.C. § 1983, brings one conditions of confinement claim under the Eighth Amendment against two John Doe Defendants in his third amended complaint ("TAC"). Doc. 20. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff contracted coccidioidomycosis, commonly known as "Valley Fever," while incarcerated at Corcoran State Prison ("CSP") in the spring of 2009. He alleges he is at a significantly higher risk of re-contracting the disease due to various medical issues. He claims CSP is an "endemic area" for Valley Fever and, accordingly, requested to be transferred elsewhere in April 2011, arguing that his being housed at CSP placed him at significant risk of being exposed to and re-contracting Valley Fever. The Doe Defendants, however, denied Plaintiff's request on the ground that he did not have Valley Fever.

"Section 1915 requires a court to dismiss an action 'at any time' if the defendant is entitled to immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). This includes entitlement to qualified immunity. *Id.* "[Q]ualified immunity protects [government] officials only if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (citations omitted). Thus, even assuming Defendants violated his constitutional rights, the Court must dismiss Plaintiff's case if Defendants are entitled to qualified immunity from his claims.

The Court finds that Defendants are so entitled. The Court recently held in a number of cases that prison officials are entitled to qualified immunity from inmates' claims premised on their exposure to and/or contraction of Valley Fever while incarcerated in the Central Valley. *See, e.g.*, *Smith v. Schwarzenegger*, 137 F. Supp. 3d 1233 (E.D. Cal. 2015); *Jackson v. Brown*, 134 F. Supp. 3d 1237 (E.D. Cal. 2015); *Nawabi v. Cates*, No. 1:13-cv-272-LJO-SAB, 2015 WL 5915269 (E.D. Cal. Oct. 7, 2015). The Court finds that the logic and conclusions of the qualified immunity analysis in those decisions applies here. Defendants are entitled to qualified immunity from Plaintiff's sole Eighth Amendment claim.

Accordingly, the Court DISMISSES Plaintiff's TAC without leave to amend. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **December 14, 2016**          /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE